UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFREY A WHITLOCK,             )
             )
             Plaintiff,       )
             )
           v.        )      No. 1:18-cv-01386-TWP-TAB
             )
MENARD, INC.,             )
             )
           Defendant.    )

## ORDER ON DISCOVERY DISPUTE

The parties appeared by counsel on November 19, 2019, for a telephonic status conference to address a discovery dispute concerning the reasonableness of a fee for Plaintiff to depose Defendant's expert medical witness, Dr. Jon Sieber of Indiana Medical Consulting, LLC. The deposition has been rescheduled to December 20, 2019. Dr. Sieber wishes to charge Plaintiff $1,655 for the first hour of deposition testimony, plus $800 for each additional 30 minutes, and $150 for any pre-deposition preparation. In comparison, Plaintiff retained a medical expert, Dr. Ralph Buschbacher—whom he argues is comparably qualified—who charges $600 per hour for his deposition testimony. Thus, Plaintiff claims that Defendant's retained expert witness seeks an unreasonable witness fee and asks the Court to reduce Dr. Sieber's fee to $600.

Federal Rules of Civil Procedure 26(b)(4)(E) states: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)[.]"  Exactly what is "reasonable fee" is often up for debate, but generally:

There must be some reasonable relationship between the services rendered and the remuneration to which an expert is entitled. . . . [T]here are seven factors a court is to consider in determining the reasonableness of an expert's fee: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Dominguez v. Syntex Laboratories, Inc.*, 149 F.R.D. 166, 167 (S.D. Ind. 1993) (internal citations and quotation marks omitted). *See also Bradford v. Obaisi*, No. 16 C 8112, 2019 WL 4166855, at *4 (N.D. Ill. Sept. 3, 2019) (citing same seven factors to consider when determining what constitutes a reasonable fee).

Here, Defendant asserts that Dr. Sieber is a board-certified orthopedic surgeon and that his deposition fees "are normal and customary.  It is the same fee the consulting firm he is affiliated with charges for all 13 of its doctors."  [Filing No. 69, at ECF p. 2.]  In comparison, Plaintiff's expert, Dr. Buschbacher, is board-certified in physical medicine and rehabilitation. Furthermore, the fee sought is Dr. Sieber's traditional fee and appears to be the same fee charged to Defendant, the party who retained Dr. Sieber.  At this point, the nature, quality, and complexity of Dr. Sieber's discovery responses is unknown, since he has not yet been deposed.

While the Court acknowledges that Dr. Sieber's fee is roughly two times as much as the fee of Plaintiff's expert, the Court cannot say it is inherently unreasonable or that "manifest injustice" would result in requiring Plaintiff to pay the fee Dr. Sieber seeks.  Fed. R. Civ. P. 26(b)(4)(e).  Therefore, Plaintiff shall pay Dr. Sieber his normal deposition fee of $1,655 per

hour, then $800 each 30 minutes thereafter, plus $150 per hour for any pre-deposition

preparation.[1]

Date: 12/4/2019

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

---

[1] This ruling is based on input from counsel at a telephonic status conference and abbreviated submissions by the parties. As a result, the Court's analysis of the seven factors is somewhat abbreviated. If either party has additional argument or evidence they wish to submit on this issue, they may do so by way of a motion for reconsideration filed within seven days of this order. Any such submission would need to contain significantly substantial additional argument or evidence to have any prospect of altering the holding in this order. Moreover, such a motion could require Dr. Sieber's December 20 deposition to be delayed, which could delay the case or prejudice a party. For these reasons, the parties should carefully consider whether they should file such a motion.